# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSIE GRAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-1624 CAS |
| 3M COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On February 11, 2013, the Court issued an order directing plaintiff to serve and file proof of service on defendants American Optical Corporation, Big Three Industries, Bob Schmidt, Inc., Ideal Basic Industries, Inc., Kelco Sales, Lone Star Industries, Inc., Louis Gerson Company, Inc., Norton Company, Oglebay Norton Company, Parmalee Industries, Inc., Pauli & Griffin Company, Stanstorm, Inc., and Schmidt Manufacturing, Inc., not later than March 13, 2013. The Order specifically provided that "failure to timely serve said defendants shall result in dismissal of these defendants without prejudice."

In response to the Court's Order, plaintiff's counsel filed an affidavit in which he stated that these defendants were served pursuant to Missouri Statute § 506.510 by sending each defendant a copy of plaintiff's first amended complaint and summons, via certified mail. Attached to the affidavit as exhibits are the cover letters plaintiff's counsel sent to these defendants.

Rule 4(h) of the Federal Rules of Civil Procedure provides that corporations, partnerships or associations may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by

also mailing a copy of each to the defendant," or in the manner prescribed by Rule 4(e)(1) for serving an individual. See Fed. R. Civ. P. 4 (h). Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1).

Missouri law does allow service by mail, however, plaintiff has not fully complied with the requirements for service by mail under Missouri law. First, plaintiff's counsel referenced the wrong statute in the cover letters he sent to these defendants. Missouri statute § 506.150 allows service by mail. Second, the complaint and summons must be sent "first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to the form contained in subsection 5 of this section and a return envelope, postage prepaid, addressed to the sender." Mo. Rev. Stat. § 506.150. Plaintiff sent the summons and his amended complaint via certified mail, and there is no evidence that he included a return envelope, postage prepaid, or two copies of a notice and acknowledgment form found in subsection 5.

The Court will grant plaintiff thirty additional days to achieve proper service of process on these defendants.[1] Plaintiff may serve the defendants pursuant to Federal Rules of Civil Procedure 4(h)(1)(B) or 4(e)(1). If plaintiff again chooses to serve by following Missouri state law, he must comply with all the statutory requirements. Plaintiff may also request that these defendants waive service of process pursuant to Federal Rule of Civil Procedure 4(d). The Court will not grant plaintiff further extensions of time, and if these defendants are not properly served or waiver of service is not requested within thirty (30), they will be dismissed without prejudice.

---

[1] Defendants Norton Company, Parmalee Industries, Inc., Louis Gerson Company, Inc., and Kelco Sales have since filed answers, and these defendants need not be served.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is directed promptly to serve defendants American Optical Corporation, Big Three Industries, Bob Schmidt, Inc., Ideal Basic Industries, Inc., Lone Star Industries, Inc., Oglebay Norton Company, Pauli & Griffin Company, Stanstorm, Inc., and Schmidt Manufacturing, Inc., and file proof of such service within thirty (30) days of the date of this Order. Failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and this order will result in dismissal of these defendants without prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of April, 2013.